UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALAN ARNOLD, Individually and ALAN
ARNOLD, d/b/a MCCAULEY TRUCKING
COMPANY,

               Plaintiff,

    -against-

ANTHONY STORZ, DANIEL GALLO,
WILLIAM TURIS, HARVEY C. LUCKS and
JOHN M. ZAK, as Trustees and Fiduciaries of
the Local 807 Labor Management Health &
Pension Funds,

               Defendants.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER

00-CV-4485 (CBA)

AMON, UNITED STATES DISTRICT JUDGE:

Plaintiff has moved for an award of attorney fees. The application was referred to Magistrate Judge Lindsay, who issued a Report and Recommendation ("R&R") on July 13, 2006 recommending that $56,545.20 in fees and no money in costs be awarded to plaintiff's counsel. Defendant filed objections to the R&R on July 21, 2006, principally taking issue with the R&R's assessment of the first and fourth factors to be considered under Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987) in determining whether fees should be awarded, namely the "degree of the offending party's culpability or bad faith" and "the relative merits of the parties' positions." Defendants argue that because the relief ultimately awarded by this Court was equitable, there was no implication that defendants had been culpable or acted in bad faith. In the alternative, they argue that they are not liable for the fees plaintiff expended in opposing the jurisdictional issue that was ultimately reversed because they had never challenged

1

this Court's jurisdiction.[1]

On July 27, 2006, plaintiff filed a response to these objections, arguing that only culpability, not bad faith, need be shown, and culpability is established as to the defendants' wrongful collection of (and suit over) contributions from plaintiff and its failure to determine his ineligibility in defendant's plan earlier. Plaintiff argues that the Court's use of equity does not mean defendants were not culpable and indeed, they were the cause of the dispute. Finally, plaintiff argues that defendants did seize upon the jurisdictional argument on appeal, and that in any event, they were the cause of the dispute and so are liable for all attorney's fees.

On July 28, 2006, defendants filed a short letter further confusing their argument regarding attorney's fees for the appeal. In this letter, the Fund says that because they never raised the jurisdictional argument until it was raised in the Magistrate Judge's R&R and they do not believe they should be liable for the fees plaintiff expended thereafter. This letter concludes with the non-sequitur that the Fund should not be liable for fees "before November 26, 2003." The Court assumes this is an error.

The Court has reviewed the R&R and these objections and the various replies and finds the objections to be wholly without merit. Under Chambless a defendant is "culpable" when it "violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate." Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 450-451 (2d Cir. 2006) (quoting Salovaara v. Eckert, 222 F.3d 19 (2d Cir. 2000)). The Court need not find

---

[1]The objections are abstruse on this point, stating both "the Fund has no culpability prior to the Court's Order of dismissal for lack of ERISA jurisdiction on November 26, 2003" and "the Fund should not be assessed such fees for any services performed after November 26, 2003."

2

defendants acted in bad faith, but only that they were culpable, which is clear from the degree to which they failed to "engage in a fair and open-minded consideration" of plaintiff's claim. Id. at 450. As noted by Magistrate Judge Lindsay, "A losing party may be culpable... without having acted with an ulterior motive.... Such conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose." T&M Meat Fair, Inc v. United Food and Commercial Workers, No. 00-7968, 2002 WL 31202711, *2 (S.D.N.Y. Sept. 25, 2002) (quoting Algie v. RCA Global Communication, Inc., 891 F.Supp 875, 891 (S.D.N.Y. 1994), aff'd 60 F.3d 956 (1995)(quoting McPheason v. Employees' Pension Plan of American Re-Insurance Co., 33 F.3d 253, 256-257 (3d Cir. 1994)). In this case, the Fund failed to correctly assess the plaintiff's eligibility for benefits until he was on the eve of retirement, after obtaining an arbitration award forcing plaintiff to increase his contributions to the plan. As this Court has previously ruled that "the Fund acted recklessly by proceeding for over twenty-five years on the basis that Arnold was a qualified participant," the Fund is culpable. (Mem. Op. dated September 30, 2005, at 17) (internal quotations omitted).

As the Magistrate Judge noted, "the Second Circuit favors awarding attorneys' fees to prevailing plaintiffs in ERISA cases 'in the absence of some particular justification for not doing so.'" Citrin v. Erikson, 918 F.Supp 792, 800 (S.D.N.Y. 1996)(quoting Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan, 718 F.2d 515, 523 (2d Cir. 1983)); see also Lijoi v. Continental Casulty Co., 414 F.Supp.2d 228, 249 (E.D.N.Y 2006) (finding the relative merits of the parties' positions weighed in the prevailing plaintiff's favor). Defendants' theory that they are not liable because this Court ordered a remedy in equity has no foundation in law or logic and is certainly no such justification. This Court forced defendants by power of equity to

provide the benefits they promised to plaintiff for over twenty-five years instead of merely ordering that they return the money they improperly procured from him through threat and suit. That the Court ordered the former instead of the latter has no significance as to the defendants' underlying culpability. The Court even noted in its Memorandum and Order that it would have ordered restitution if more equitable remedies were not available, and ERISA itself provides for equitable remedies. The Court fails to see how the choice of remedy affects the defendants' culpability. See generally Koster v. Perales, 903 F.2d 131 (2d Cir. 1990) (awarding attorneys' fees to plaintiff even though he prevailed through settlement); Conners v. Connecticut Gen. Life Ins. Co., 2003 U.S. Dist. LEXIS 6250 (S.D.N.Y. April 14, 2003) (same).

In their objections, defendants argue for the first time that they should not pay the fees plaintiff incurred appealing the Court's decision that it did not have jurisdiction. Since this argument was not before Magistrate Judge Lindsay, the Court need not consider it. Robinson v. Keane, 1999 WL 459811, *4 (S.D.N.Y. 1999) ("An objecting party may not raise new arguments that were not made before the Magistrate Judge.") Furthermore, it has no merit. Defendants could have conceded error on appeal.

For the foregoing reasons the Court finds defendants' objections to be wholly without merit and so adopts the R&R as the opinion of this Court and awards plaintiff fees in the amount of $56,545.20. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2006

Carol Bagley Amon
United States District Judge